UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY HILL and CHERIE BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM, a Washington nonprofit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendant. | No. 2:25-cv-01935<br><br>MULTICARE'S NOTICE OF REMOVAL TO FEDERAL COURT |

Defendant MultiCare Health System, by and through its undersigned counsel, hereby gives notice of removal of the above-referenced action from the Superior Court of Washington for King County to the United States District Court for the Western District of Washington at Seattle.

On August 6, 2025, Plaintiffs Jeffrey Hill and Cherie Burke filed their First Amended Complaint that they purport to bring individually and on behalf of a putative class of persons they seek to represent. The First Amended Complaint alleges MultiCare violated Washington's Equal Pay and Opportunity Act ("EPOA") at RCW 49.58.110. The EPOA requires that a job posting disclose a salary range/wage scale and a general description of benefits. Plaintiffs are both serial litigants and, together, are the lead plaintiffs in at least thirty-two separate boiler plate class action lawsuits, which like the instant First Amended Complaint, allege that a class of job



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

applicants applied to a non-compliant job posting that did not contain the salary range/wage scale or general description of benefits (or both). Declaration of Scott Prange at ¶ 3. The First Amended Complaint seeks (1) statutory damages of $5,000 per putative class member for alleged violations of RCW 49.58.110; (2) injunctive relief; (3) declaratory relief; and (4) attorney fees and costs. Pursuant to 28 U.S.C. § 1446(a), a copy of Plaintiff's Proof of Service and original Summons and Complaint is attached as **Exhibit A** to the Declaration of Scott Prange in Support of Notice of Removal ("Prange Decl."). Pursuant to LCR 101(b)(1), Plaintiffs' First Amended Complaint is separately attached as **Exhibit B** to the Prange Declaration. Exhibits A, B, C, and D to the Prange Declaration constitute all of Plaintiffs' service of process, and the pleadings and orders on the docket and served upon MultiCare. *See* 28 U.S.C. § 1446(a).

Per 28 U.S.C. § 1446(b)(3), MultiCare timely removes this action under the Class Action Fairness Act of 2005 ("CAFA") at 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 and because it believes it has standing to pursue constitutional remedies. Under CAFA, MultiCare removes on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than MultiCare; (c) the number of members of the putative class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs. This Notice is supported by the accompanying Declarations of Scott Prange ("Prange Decl.") and Jennifer Freeman ("Freeman Decl.").

## I. ARGUMENT

### A. The Removal is Timely.

MultiCare's removal is timely given a change of law. A defendant may properly remove within 30 days when a change of law "reveals a new and different ground for removal." 28 U.S.C. § 1446(b)(3); *Fritsch v. Swift Transportation Company of Arizona, LLC,* 899 F.3d 785, 788 (9th Cir. 2018). On September 4, 2025, the Washington State Supreme Court in *Branson v. Fine Wine & Spirits, LLC,* 574 P.3d 1031 (2025) held that, under the EPOA, a job applicant need *not* prove they are a "bona fide" applicant under RCW 59.58.110(4). As explained below, prior



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

to *Branson*, the United States District Court for the Western District of Washington had held that serial litigants like Plaintiffs would have lacked Article III standing because they were not bona-fide job applicants who applied with the intention of seeking work, and therefore, would have failed to identify an injury to an interest protected by the statute itself. *See Floyd v. Insight Glob. LLC*, 731 F. Supp. 3d 1199, 1210 (W.D. Wash. 2024) ("A nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof."); *see also Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1071 (W.D. Wash. 2024), *modified on reconsideration*, No. 23-CV-1742-BJR, 2024 WL 3199860 (W.D. Wash. June 26, 2024) ("In sum, the Court concludes that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a 'bona fide' applicant before there is a risk of harm."). To the contrary, the *Branson* decision represents a change of law because the Supreme Court held that "any person who submits a job application in response to a noncompliant job posting is entitled [up] to $5,000 worth of statutory damages—even if that person's sole intent is to collect a damages award, not to redress any personal harm and not to obtain an offer of employment." *Branson*, 574 P.3d at 1040. Ergo, any job applicant (regardless if subjective malintent) falls within the protection of the statute and has suffered an Article III injury. *Id.* at fn.7. Moreover, the *Branson* decision raises substantial new federal questions as to whether the EPOA's penalty scheme—which now appears to provide any job applicant damages regardless of the applicant's intent in seeking work that is grossly incongruent to any actual injury—violates the Eighth Amendment's prohibition on excessive fines and/or the Fourteenth Amendment's respect for due process and limits on the imposition of punitive damages by states.

**B. Venue is Proper.**

A civil action brought in state court over which a district court has original jurisdiction "may be removed by the defendant or the defendants to the district court of the United States and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *Polizi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding venue is properly set where the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

action is pending). This Court embraces the King County Superior Court, which is where the Complaint was originally filed. Accordingly, this Court is the appropriate federal district court to which to remove this action.

**C. Subject Matter Jurisdiction Exists.**

**1. CAFA Jurisdiction Exists.**

The Court has jurisdiction under CAFA. "CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusion of interests and costs." *Ibarra v. Manheim Investments, Inc.*, 75 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)(2) and (6)). Under CAFA, this action is removable because it meets all these requirements (as explained below).

***a. Minimal Diversity.***

CAFA requires only minimal diversity, which is met if any class member is diverse from any defendant. 28 U.S.C. § 1332(d)(2); *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017). For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person is domiciled where they have established a "fixed habitation or abode in a particular place and intend[] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (internal citation omitted). The Ninth Circuit has held that in satisfying minimal diversity, "allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). A corporation is a citizen of its state of incorporation and its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). While no single factor controls, an individual's domicile may be determined through factors such as a person's current residence. *Lew*, 797 F.2d at 750.

Here, minimal diversity is established. MultiCare is incorporated under the laws of Washington, and its principal place of business is its headquarters in Tacoma, Washington. Freeman Decl. at ¶ 3. MultiCare is therefore a Washington citizen. Plaintiffs allege that they are



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Washington citizens, residing respectively in Skagit County (Hill) and Pierce County (Burke). Exhibit B (Complaint), ¶¶ 14-15. Though MultiCare avers class treatment is improper and that Plaintiffs cannot represent all applicants to all job postings, as Plaintiffs have defined the putative class, at least 1,483 members of the putative class are citizens of states other than Washington. Freeman Decl. at ¶ 6. Because MultiCare and at least 1,483 members of the putative class have different residency, minimal diversity under CAFA is established. *Id*.

**b. *Class Size.***

CAFA requires at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs define the putative class as follows:

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in Washington with MultiCare Health System, where the job posting did not disclose a wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant.

Complaint ¶ 40. Plaintiff estimates that "[t]here are potentially dozens of Class members who applied for jobs with Defendant within the time period relevant to this matter." Exhibit B (Complaint) ¶ 42. Though class treatment is improper and Plaintiffs should be limited to representing job applicants for the same job postings to which they applied, MultiCare agrees that there are dozens of putative class members as the class is so defined and in fact avers that it has preliminarily calculated a total of 7,182 individuals who submitted job applications during the relevant period. Freeman Decl. at ¶¶ 4-5. Thus, the potential class as identified by Plaintiffs exceeds 100 as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

**c. *Amount in Controversy***

Under CAFA, the amount in controversy must meet or exceed five million dollars. 28 U.S.C. § 1332(d)(2). While MultiCare expressly denies that Plaintiffs or putative class members are entitled to any relief whatsoever, the Court must assume Plaintiffs' allegations are true for the purposes of determining the amount in controversy. The amount in controversy is the total "amount at stake in the underlying litigation" which "includes any result of the litigation, excluding interests and costs, that 'entail[s] a payment' by the defendant." *Gonzales v. CarMax*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016).

Here, Plaintiffs seek "[s]tatutory damages of $5,000 to Plaintiffs and each Class member pursuant to RCW 49.58.070 and RCW 49.58.110." Complaint, § VII. Plaintiffs describe the putative class as "[a]ll individuals who, from January 1, 2023, through the date notice is provided to the Class, applied for a job opening in Washington with MultiCare Health System[.]" Exhibit B (Complaint), ¶ 40. While MultiCare denies any liability, assuming the truth of Plaintiffs' allegations and taking proposed class as defined, from January 1, 2023 to present, approximately 7,182 individuals have applied to MultiCare's job postings, the total "amount at stake in the underlying litigation" would far exceed the threshold of five million dollars (7.182 applicants X $5,000 =$35,910,000). Freeman Decl., at ¶ 4. Moreover, Plaintiffs' attorneys also seek fees and costs. Exhibit B (Complaint), ¶ 40. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 771-73 (9th Cir. 2020) (alleged punitive damages are counted towards the CAFA threshold). Attorney fees alone in this case could reach over $11 million.

While MultiCare again emphasizes that the foregoing does not constitute a concession of liability, Plaintiffs' expansive, untenable definition of the putative class and putative class members' alleged entitlement to statutory fees clearly brings the amount in controversy within the ambit of the court's jurisdiction under CAFA. Accordingly, MultiCare has satisfied the $5,000,000 threshold under CAFA to support removal.

### 2. Original Jurisdiction for Constitutional Challenges Exists.

Moreover, this Court has jurisdiction for the additional reason that the *Branson* decision gives rise to new federal questions under the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, that a job applicant has standing under the EPOA to sue even when their sole prerogative is to collect a statutory penalty incongruent with any injury implicates the Eighth Amendment's prohibition on the imposition of excessive fines and the Fourteenth Amendment's protection against state actions that violate due process of law. *See U.S. v. Bajakajian,* 524 U.S. 321 (1998) (holding the key inquiry is whether the penalty is punitive and, if so, whether it is grossly disproportionate to the gravity of the offense); *see also*



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Timbs v. Indiana*, 139 S. Ct. 682 (2019) (holding that the Eighth Amendment's Excessive Fines Clause is incorporated against the states through the Due Process Clause of the Fourteenth Amendment).

**3. Article III Standing Exists.**

In *Branson*, the Washington Supreme Court created new grounds for Article III standing by clarifying that the EPOA protects all job applicants regardless of their subjective intent in applying for a position. *Branson*, 574 P.3d 1031. While the Western District, including in *Floyd*, 731 F. Supp. 3d at 1210 and *Atkinson*, 733 F. Supp. 3d 1056 at 1071, previously held that plaintiffs lacked standing unless they demonstrated a bona fide genuine intent to obtain the job, *Branson* rejected this interpretation, emphasizing that any individual who meets the statutory definition of a "job applicant" is within the zone of interests protected by the EPOA, and thus, the failure to disclose wage information constitutes a concrete injury sufficient to establish standing. *Id*. The Supreme Court's decision in *Branson* effectively aligns Plaintiffs' statutory injury under the EPOA with the injury-in-fact requirement under Article III. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) (holding "tester" plaintiffs who applied for apartment leases with no intent to rent the property nonetheless had standing to sue for the withholding of information lessors were required to provide under the Fair Housing Act). Plaintiffs therefore have Article III standing.

To the extent that Plaintiffs' alleged injury is borderline under Article III's standing analysis, this Court nonetheless has jurisdiction over this matter pursuant to the liberal construction which Congress has instructed the courts to afford CAFA. Consistent with Congress's intent that CAFA be construed broadly, courts have repeatedly erred on the side of assuming CAFA jurisdiction in ambiguous cases. *See Fore Stars, Ltd. v. City of Las Vegas*, 488 F.Supp.3d 982, 992 (D. Nev. 2020) (holding that intervening court decisions may trigger a second removal period in CAFA jurisdiction cases because "courts are required to liberally construe removal petitions grounded on CAFA jurisdiction;" *Chan Healthcare Group, PS v. Liberty Mutual Fire Ins. Co.*, 844 F.3d 1133, 1137 (9th Cir. 2017) (CAFA "significantly



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

expanded jurisdiction" to "ensure [f]ederal court consideration of interstate cases of national importance."); *see also Santos v. Pictsweet Co.*, 2025 WL 2424357 (C.D. Cal. 2025) (denying plaintiffs' motion to remand putative class action lawsuit where intervening case law triggered a second removal period under 28 U.S.C. § 1446(b)(3). Importantly, CAFA contains no requirement that plaintiffs demonstrate individualized harm to establish jurisdiction. Instead, CAFA focuses on aggregate class claims exceeding jurisdictional thresholds, which thresholds are met as set forth above. Because Plaintiff's complaint satisfies CAFA's requirements for removal and CAFA must be liberally construed in favor of federal courts retaining jurisdiction over such cases, this matter is properly heard in federal court.

Additionally, *Branson* created new grounds for Article III standing by creating new constitutional challenges to a statute that permits all job applicants regardless of intent to seek damages significantly mismatched from any actual injury. Constitutional standing is a "necessary element of federal-court jurisdiction." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009). To establish Article III standing, a party must show that (1) they suffered an injury in fact, (2) there is a causal connection between the injury and the conduct, and (3) the injury will likely be redressed by a favorable decision from the Court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To have standing in federal court, a party must allege "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (quoting *Baker*, 369 U.S. at 204, 82 S.Ct. 691). Therefore, party must suffer an injury in fact, which is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (citations and internal quotation marks omitted). For an injury to be particularized, it must affect "the plaintiff in a personal and individual way." *Id.* at 560 n.1, 112 S.Ct. 2130. Here, MultiCare will suffer a significant injury if the statute is applied as the *Branson* Court has determined that will be redressable under constitutional defenses.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. NOTICE OF REMOVAL TO STATE COURT

In accord with 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied. A copy of the Notice to State Court of Removal to Federal Court is attached hereto as **Exhibit C**.

## III. CONCLUSION

For the foregoing reasons, this Court has CAFA jurisdiction and MultiCare has properly removed this action to this Court. There is no lack of standing to impede that jurisdiction.

DATED October 6, 2025.

I certify that this memorandum contains 2,852 words, in compliance with the Local Civil Rules.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant*
*MultiCare Health System*

By *__/s/ Scott Prange__________________*

Kathryn Rosen, WSBA #42219
Scott Prange, WSBA #53980
David Rund, WSBA #60862
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
katierosen@dwt.com
scottprange@dwt.com
davidrund@dwt.com



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the document to which this Certificate of Service is attached to be served in the manner as indicated below:

Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
Paul Cipriani, WSBA #59991
Hannah M. Hamley, WSBA #59020
EMERY REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Telephone: 206.442.9106
emeryt@emeryreddy.com
reddyp@emeryreddy.com
paul@emeryreddy.com
hannah@emeryreddy.com
*Attorneys for Plaintiffs Jeffrey Hill and Cherie Burke*

☐ Via Legal Messenger
☐ Via U.S. Mail
☐ Via Federal Express
☐ Via Facsimile
☒ **Via Electronic Mail**
☒ **Via CM/ECF**

Craig J. Ackermann, WSBA #53330
Brian Denlinger, WSBA #53177
Avi Kreitenberg, WSBA #53294
ACKERMANN & TILAJEF, P.C.
2602 North Proctor Street, Suite 205
Tacoma, WA 98406
Telephone: 310.277.0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com
ak@ackermanntilajef.com
*Attorneys for Plaintiffs Jeffrey Hill and Cherie Burke*

Additional Names/Emails for Service:
Amanda Lutsock, al@ackermanntilajef.com
Jaclyn Blackwell, jb@ackermanntilajef.com

Declared under penalty of perjury under the laws of the State of Washington.

DATED October 6, 2025 at Seattle, Washington.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Defendant MultiCare Health System*

By *\/s/ Scott Prange*
Scott Prange, WSBA #53980
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
scottprange@dwt.com